**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

SALVADOR QUINTANA-CENEJO,
a/k/a Jose Jesus Ortega Hernandez,

    Defendant - Appellant.

No. 16-1060
(D.C. No. 1:15-CR-00256-REB-DW-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **O'BRIEN**, and **MATHESON**, Circuit Judges.
_____

Following his acceptance of a plea agreement that included a waiver of his right to appeal, Salvador Quintana-Cenejo pleaded guilty to illegal reentry after removal and subsequent to a felony conviction, in violation of 8 U.S.C. § 1326(a) and (b)(1). He was sentenced to eight months' imprisonment. Despite his waiver, Quintana-Cenejo filed an appeal. The government moves to enforce Quintana-Cenejo's appeal waiver. *See United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam).

---

[*] This panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In evaluating a motion to enforce a waiver, we consider: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* at 1325. Quintana-Cenejo's counsel has filed a response, "conced[ing] that, under the standard announced in [*Hahn*], the plea agreement's appeal waiver is enforceable with respect to this direct appeal." Aplt. Resp. at 1.

Our independent review confirms that Quintana-Cenejo's appeal waiver is enforceable. The issue he seeks to raise on appeal—a challenge to the substantive and procedural reasonableness of his sentence—falls within the scope of his appeal waiver and is not subject to any of the exceptions to that waiver. The plea agreement also clearly sets forth the appeal waiver, stating that it was knowing and voluntary, and the district court confirmed Quintana-Cenejo's understanding of his appeal waiver during his change of plea hearing. Moreover, we see no evidence contradicting Quintana-Cenejo's knowing and voluntary acceptance of the appeal waiver. Finally, there is no indication that enforcing the waiver would result in a miscarriage of justice as defined in *Hahn*, 359 F.3d at 1327.

The motion to enforce is granted and this matter is dismissed.

Entered for the Court
Per Curiam

2